UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David H. Jones,

                Plaintiff,

                                  Civ. No. 11-1408 (RHK/TNL)
                                  **ORDER**

v.

Matthew McLean, *et al.*,

                Defendants.

---

      On May 31, 2011, Plaintiff David Jones commenced this action against the Cities of Minneapolis, Richfield, and St. Louis Park, as well as several police officers employed by them, alleging that his civil rights were violated in connection with his arrest for robbery. Following service, the Cities of Richfield and St. Louis Park failed to timely answer the Complaint. Jones then moved for entry of default, and the Clerk of the Court entered the Cities' default on July 11, 2011. (See Doc. No. 8). Later that day, Jones moved for a default judgment against the two Cities (see Doc. No. 9), and the following day, July 12, 2011, the Cities jointly answered the Complaint (Doc. No. 14) and then moved to vacate the Clerk's Entry of Default (Doc. No. 17).

      In response to the Motion to Vacate, Jones has indicated that he wishes to "get to the merits of his case" and does not oppose the Motion. (See Doc. No. 20 at 2.)[1] In light

---

[1] However, Jones *does* seek an award of $700, pursuant to 28 U.S.C. § 1927, for the fees and costs incurred in filing the Application for Entry of Default and the Motion for Default Judgment. Section 1927 authorizes the Court to sanction conduct that "multiplies the proceedings in any case unreasonably and vexatiously." While the Court does not condone the

of the foregoing, and in recognition of the "judicial preference for adjudication [of cases] on the merits," <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 784 (8th Cir. 1998) (internal quotation marks and citation omitted), **IT IS ORDERED** that Defendants' Motion to Vacate Entry of Default (Doc. No. 17) is **GRANTED** and, as a result, Jones's Motion for Entry of Default Judgment (Doc. No. 9) is **DENIED** as moot.


Dated: July 19, 2011                         <u>s/Richard H. Kyle       </u>
                                             RICHARD H. KYLE
                                             United States District Judge

---

challenged conduct here, it does not believe that it can be labeled "vexatious." Accordingly, Jones's request for fees is denied.